THE COMMON COUNCIL OF THE CITY OF MUSKEGON V. JAMES GOW, MAYOR.

*Municipal corporations—Issue of bonds—Limit—Vote of electors.*

Under section 12, tit. 9, of the charter of the city of Muskegon (Act No. 304, Local Acts of 1889), the common council has power, without a vote of the electors, to raise money for general purposes by the issue of bonds of the city, provided that the amount thereof, with that ordered to be raised by tax for such purposes, does not exceed the limit fixed by section 5 of that title.

*Mandamus.* Argued December 23, 1892. Granted December 24, 1892.

Relator applied for *mandamus* to compel respondent to execute and deliver certain bonds. The facts are stated in the opinion.

*Bunker & Carpenter,* for relator.

*Smith, Nims, Hoyt & Erwin,* for respondent.

PER CURIAM. The common council of the city of Muskegon, in the general appropriation bill for the year 1892, determined by resolution to raise certain specified sums by loan instead of by tax, and directed the issue of bonds for the purposes named. The mayor questions the authority

to issue the bonds without a vote of the electors author-
izing such issue, and refuses to execute said bonds.

Section 5 of title 9 of the charter[1] provides that—

" The aggregate amount which the common council may
raise by general taxation upon the taxable real and per-
sonal property in the city of Muskegon for the purposes of
defraying the general expenses and liabilities of the cor-
poration, and for all purposes for which the several general
sums mentioned in section three of this title are consti-
tuted (exclusive of the taxes for schools, library, and
schoolhouse purposes), shall not, except as herein other-
wise provided, exceed in any one year three per cent. on
the assessed value of all the real and personal property in
the city, made taxable by law, as shown by the last pre-
ceding assessment roll."

Section 12 provides:

" The common council shall also in said month of June
pass a resolution, to be termed the ' annual appropriation
bill,' in which it shall make provision for and appropriate
the several amounts required to defray the expenditures
and liabilities of the corporation for the next fiscal year,
payable from the several general funds, and from the street
district funds, as estimated and determined upon, as pro-
vided in section 10 of this title, and order the same, or
so much of said amounts as may be necessary, to be raised
by tax with the next general tax levy, or by loan or both,
and to be paid into the several general funds and street
district funds of the city; but the whole amount so ordered
to be raised by tax or loan, or by both, shall not, except
as herein otherwise provided, exceed the amount which the
city is authorized by sections five, six, and nine of this
title to raise by general tax during the year."

Section 19 provides:

" Should any greater amount be required in any year
for the purpose of erecting public buildings, or for the
purchase of ground therefor, or for any other public
improvements or purposes, to be paid for from the general
funds of the city, than can be raised by the common coun-
cil under the foregoing provisions of this title, such amounts
may be raised by tax or loan, or partly by tax and

---

[1] See Local Acts of 1889, page 120.

partly by loan, if authorized by a majority vote of all the electors voting upon the question at an annual city election, or at a special election called for that purpose."

The aggregate amount to be raised for general purposes, including the purposes for which it is proposed to make this loan, shall not, except as therein otherwise provided, exceed in any one year 3 per cent. upon the assessed valuation. It is conceded that the total amount proposed by the appropriation bill to be raised by both tax and loan did not exceed the 3 per cent. fixed as the maximum to be raised by the council. We think it clear under these sections that the council has the authority to issue the bonds in question without the aid of a vote of the electors.

The *mandamus* must therefore issue as prayed.